IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| ESHCOL LAVON SPENCE | * | CHAPTER 7 |
| and ALOFAANA SPENCE, | * | CASE NO. 12-71251 |
| | * | |
| Debtors | * | |
| _____ | | |
| MYRA CATHERINE SOLLIDAY, | * | |
| Plaintiff | * | |
| v. | * | JUDGE JOHN T. LANEY, III |
| ESHCOL LAVON SPENCE, | * | |
| Defendant | * | ADVERSARY PROCEEDING |
| | * | NO. 12-07029 |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS ABOUT WHICH A GENINUE ISSUE REMAINS TO BE TRIED AND DEFENDANT'S RESPONSE TO PLAINTIFFS STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

COMES NOW, Defendant Eshcol Lavon Spence (hereinafter "Spence") and submits this, his Statement of Material Facts About Which a Genuine Issue Remains to be Tried and Response to Plaintiff's Statement of Material Facts as to Which There is no Genuine Issue to be Tried, in support of his Replay to Plaintiff's Motion for Summary Judgment, and shows the Court the following:

I.   Defendant's Statement of Material Facts About Which a Genuine Issue Remains to be Tried.

1.   Defendant Spence had a stroke which impaired his memory, cognitive thinking, reading, word finding difficulties, and caused him to have some difficulty comprehending spoken words and managing his day to day business affairs.  Defendant Spence did not understand the waiver and service of summons pertaining to the lawsuit filed by Plaintiff

Solliday against Defendant Spence when Defendant Spence signed it. *Declaration of Debtor Eschol Lavon Spence,* ¶¶ 2, 3 and 4.

2. At no time was Defendant Spence aware that Plaintiff Solliday's case was proceeding against him because he was not notified of any hearing or trial taking place and because he was not able to understand the civil process due to his diminished mental capacity as a result of the stroke he had suffered. *Id.,* ¶¶ 6 and 7.

3. Defendant Spence never received any documents in the mail pertaining to Plaintiff Solliday's case against him and at no time did anyone send Defendant Spence a letter or call him to tell Defendant Spence that the action was proceeding. Because Defendant Spence was not aware that the case was proceeding, he did not file any responsive pleadings, nor did he file an answer or appear at any hearing. *Id.,* ¶¶ 6 and 7.

4. Plaintiff Solliday and Defendant Spence engaged in a sexual relationship while Defendant Spence was a corrections officer at the prison where Plaintiff Solliday was housed, but such sexual relationship was consented to by bother Plaintiff Solliday and Defendant Spence. *Id.,* ¶¶ 8, 9 and 10.

5. Plaintiff Solliday consented to the sexual relationship with Defendant Spence and at no time did she tell Defendant Spence that she was afraid of him or that she did not want to have sexual relations with Defendant Spence. Additionally, Plaintiff Solliday never appeared to be in fear of Defendant Spence. Plaintiff Solliday did not protest against the sexual contact with Defendant Spence or give him any indication, whatsoever, that any sexual advances by him were unwanted. During their brief relationship, Defendant Spence believed that Plaintiff Solliday willingly engaged in sexual relations with him and at no time during the sexual contact or any time thereafter did Defendant Spence intend to harm Plaintiff Solliday. *Id.,* ¶¶ 8, 9 and 10.

II.     Defendant's Response To Plaintiffs Statement Of Material Facts As To Which There Is No Genuine Issue To Be Tried.

Defendant Spence hereby disputes the following numbered statement of fact in Plaintiff's Statement of Material Facts As to Which There Is No Genuine Issue to Be Tried:

1.  Defendant does not dispute the facts contained in paragraph 1.

2.  Defendant does not dispute the facts contained in paragraph 2.

3.  Defendant disputes the allegations contained in paragraph 3.  *See* Declaration of Debtor Eschol Lavon Spence, ¶¶ 8 and 9.

4.  Defendant disputes the allegations contained in paragraph 4. *Id.,* ¶¶ 8, 9 and 10.

5.  The statements contained in paragraph 5 are not relevant to this matter.

6.  Defendant disputes the allegations contained in paragraph 6. *Id.,* ¶¶ 8, 9 and 10.

7.  Defendant disputes the allegations contained in paragraph 7. *Id.,* ¶¶ 8, 9 and 10.

8.  Defendant disputes the allegations contained in paragraph 8.  *Id.,* ¶¶ 8, 9 and 10.

9.  Defendant disputes the allegations contained in paragraph 9. *Id.,* ¶¶ 8, 9 and 10.

10. Defendant disputes the allegations contained in paragraph 10. *Id.,* ¶¶ 8, 9 and 10.

11. Defendant disputes the allegations contained in paragraph 11. *Id.,* ¶¶ 8, 9 and 10.

12. Defendant disputes the allegations contained in paragraph 12. *Id.,* ¶¶ 8, 9 and 10.

13. Defendant disputes the allegations contained in paragraph 13. *Id.,* ¶¶ 8, 9 and 10.

14. Defendant disputes the allegations contained in paragraph 14. *Id.,* ¶¶ 8, 9 and 10.

15. Defendant disputes the allegations contained in paragraph 15. *Id.,* ¶¶ 8, 9 and 10.

16. Defendant disputes the allegations contained in paragraph 16. *Id.,* ¶¶ 8, 9 and 10.

17. Defendant disputes the allegations contained in paragraph 17. *Id.,* ¶¶ 8, 9 and 10.

18. Defendant disputes the allegations contained in paragraph 18. *Id.,* ¶¶ 8, 9 and 10.

19. Defendant disputes the allegations contained in paragraph 19. *Id.,* ¶¶ 8, 9 and 10.

20. Defendant disputes the allegations contained in paragraph 20. *Id.,* ¶¶ 8, 9 and 10.

21. Defendant disputes the allegations contained in paragraph 21. *Id.,* ¶¶ 8, 9 and 10.

22. Defendant disputes the allegations contained in paragraph 22. *Id.,* ¶¶ 8, 9 and 10.

23. Defendant disputes the allegations contained in paragraph 23. *Id.,* ¶¶ 8, 9 and 10.

24. Defendant disputes the allegations contained in paragraph 24. *Id.,* ¶¶ 8, 9 and 10.

25. Defendant denies the allegation that he raped Solliday, but is without sufficient information to admit or deny the remaining allegations of paragraph 25. *Id.,* ¶¶ 8, 9 and 10.

26. Defendant is without sufficient knowledge and information to either admit or deny what other prison authorities did to Solliday, but denies that it is an uncontested fact.

27. Defendant denies that the allegations contained in paragraph 27 are uncontested.

28. Defendant denies that the allegations contained in paragraph 28 are uncontested.

29. Defendant denies that the allegations contained in paragraph 29 are uncontested.

30. Defendant denies that the allegations contained in paragraph 30 are uncontested.

31. Defendant denies that the allegations contained in paragraph 31 are uncontested.

32. Defendant denies that the allegations contained in paragraph 32 are uncontested.

33. Defendant denies that the allegations contained in paragraph 33 are uncontested.

34. Defendant denies that the allegations contained in paragraph 34 are uncontested.

35. Defendant denies that the allegations contained in paragraph 35 are uncontested.

36. Defendant does not dispute the facts contained in paragraph 36.

37. Defendant does not dispute the facts contained in paragraph 37.

38.     Defendant does not dispute the fact that Solliday filed a civil complaint including the allegations, but denies the allegations contained in said civil complaint.

39.     Defendant does not dispute the fact that Solliday filed a civil complaint including the allegations, but denies the allegations contained in said civil complaint.

40.     Defendant does not dispute the fact that Solliday filed a civil complaint including the allegations, but denies the allegations contained in said civil complaint.

41.     Defendant does not dispute the facts contained in Paragraph 41.

42.     Defendant Spence admits that he signed a waiver of summons and service, but did not have the mental capacity to understand what he had signed. *Id.,* ¶¶ 3 and 4.

43.     Defendant Spence admits that he signed a waiver of summons and service, but did not have the mental capacity to understand what he had signed. *Id.,* ¶¶ 3 and 4.

44.     Defendant Spence did not have a full understanding of the waiver of service and summons that he signed *Id.,* ¶¶ 3 and 4.

45.     Defendant does not dispute the facts contained in paragraph 45.

46.     Defendant does not dispute the facts contained in paragraph 46.

47.     Defendant does not dispute the facts contained in paragraph 47.

48.     Defendant does not dispute the facts contained in paragraph 48.

49.     Defendant does not dispute the facts contained in paragraph 49.

50.     Defendant does not dispute the facts contained in paragraph 50.

51.     Defendant does not dispute the facts contained in paragraph 51.

52.     Defendant does not dispute the facts contained in paragraph 52.

53.     Defendant does not dispute the facts contained in paragraph 53.

54.     Defendant does not dispute the facts contained in paragraph 54.

    55.    Defendant does not dispute the facts contained in paragraph 55.

    56.    Defendant does not dispute the facts contained in paragraph 56.

Date: May 9, 2013                                /s/ Stephen R. Sullivan
                                                                                    Stephen R. Sullivan

Attorney for Debtor
429 East Jackson Street
Thomasville, Georgia 31792
229-226-1940
Georgia Bar No.: 691747
stephen@sullivan-firm.com

## CERTIFICATE OF SERVICE

I CERTIFY that I have this day served a copy of the Debtor's Statement of Material Facts About Which a Genuine Issue Remains to be Tried and Defendant's Response to Plaintiff's Statement of Material Facts as to which there is No Genuine Issue to be Tried upon Walter Kelley, Chapter 7 Trustee, the US Trustee and Patrick O'Connor via electronic means and to Debtor Ehscol Lavon Spence via hand delivery.

Date: May 9, 2013                                            /s/ Stephen R. Sullivan
                                                             Stephen R. Sullivan

Attorney for Debtor
429 East Jackson Street
Thomasville, Georgia 31792
229-226-1940
Georgia Bar No.: 691747